MASON (MUNCASTER v.). See Case No. 9,920.

MASON (MURRAY v.). See Case No. 9,966.

## Case No. 9,250.

### MASON et al. v. PEABODY.

[13 Int. Rev. Rec. 142.]

Circuit Court, M. D. Tennessee. 1871.

INTERNAL REVENUE — DISTILLER — CAPACITY OF STILL—PRODUCTION—SURVEY—NOTICE —WHEN TAX DUE.

1. The true meaning of section 20 of the act of July 20, 1868, is that the distiller is required to pay the tax upon eighty per cent. of the capacity of his distillery ascertained according to the provisions of section 10 of said act, whether he actually produces so much or not, and is required to pay the tax upon the whole product if exceeding eighty per cent. of said capacity.

2. But in order that the distiller may be bound by the survey of his capacity, under section 10 of said act, the provisions of said section must be strictly complied with, and a certified copy of the survey, signed by the assessor and the surveyor, must be left with the distiller. It will not suffice that he has actual notice of the results of the survey, if not furnished with such certified copy.

3. The tax upon distilled spirits is due the moment it is produced, and must be paid even if the spirits are destroyed by leakage or fire.

[This was an action at law by M. O. Mason & Co. against D. W. Peabody, collector of internal revenue at Nashville, to recover certain taxes exacted under protest.]

TRIGG, District Judge. The case was an action of assumpsit against the collection of internal revenue at Nashville, to recover the amount of taxes paid and a protest upon an assessment for the deficiency in the spirits reported by the plaintiffs, who were distillers, below eighty per cent. of the surveyed capacity of the distillery. It was contended that the survey was not binding upon the distillers because a certified copy was not left with them according to the requirements of section 10, Act July 20, 1868 [15 Stat. 129]. A certified copy of the survey was sent to the commissioner of internal revenue, and a correct copy of this, but not signed by either the assessor or surveyor, was retained in the assessor's office, but no copy was left with the distillers. It was shown, however, that the distillers were present while the surveyor was making his measurements, and there was evidence that they had actual knowledge of the results of the survey. It was proved that the distillers had regularly reported their production and paid the tax upon the amount of spirits actually made. Several months afterwards the distillery was burned, and shortly after this they were assessed for the tax upon the difference be-

tween the amount of their aggregate reports and eighty per cent. of their surveyed capacity. which they paid under protest, and appealed to the commissioner of internal revenue and afterwards instituted this suit in the circuit court of Davidson county, whence it was removed into the United States circuit court at Nashville. It was proved that four hundred gallons of spirits had been lost by leakage and the burning of the distillery which were not included in the reports of the distillers. It was contended by the U. S. district attorney, R. McP. Smith, that the requirement of section 10, Act July 20, 1868, to furnish to the distiller a certified copy of the survey of the capacity of the distillery was merely directory, and that, while it should be carefully complied with, yet, if this was not done and the distiller had actual notice of the results of the survey, he would be bound by it; that the analogies were numerous where things required by statute to be done in a particular way were held to have been validly done, although the precise mode prescribed had been disregarded, of which cases were cited. Stress was laid upon the fact that section 11, Act July 20, 1868, in connection with section 96, of said act, inflicted a heavy penalty on the distiller, who should have proceeded with his business before the survey had been made under section 10. Upon the other hand it was contended that the true construction of section 20, of said act, in regard to the eighty per cent., was as decided by Judge Drummond, in U. S. v. Singer [Case No. 16.292].

Judge TRIGG charged the jury that the language of section 20, Act July 20, 1868, "in no case shall the quantity of spirits returned by the distiller, together with the quantity so assessed, be for a less quantity of spirits than eighty per centum of the producing capacity of the distillery as estimated under the provisions of this act," was clear and imperative; that it was the intent of this section to impose a tax upon 80-100ths of the assessed capacity of every distillery, which must be paid irrespective of its actual product; that if more than 80-100ths of the assessed capacity was produced, the tax must be paid upon the excess also; that the entire product was meant to be taxed, but the tax upon 80-100ths of the capacity must be paid at all events, whether so much was produced or not.

But the judge charged the jury that the survey was not binding upon the distillers unless a certified copy had been left with them as required by section 10 of the act, and that, even if they had actual knowledge of the results of the survey, this would not supply the omission to furnish them with the certified copy required by this section.

In regard to the spirits lost by leakage and the burning of the still, it was held that, under section 4 of the act, the tax upon the spirits was due the moment of the production of the spirits, and must be paid even if the

spirits were destroyed before being drawn from the receiving cistern, and before the distiller had received any benefit from them, and that the amount of tax upon the 400 gallons lost by leakage and burning here must be deducted from any recovery by the plaintiffs.

The jury returned a verdict for the plaintiffs.